IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

vs.   Case Nos.:   3:12cr31/MCR/EMT
            3:20cv5430/MCR/EMT

MARQUISE DEMETRIS JENKINS

## ORDER, REPORT AND RECOMMENDATION

This matter is before the court upon Defendant Marquise Demetris Jenkins' "Motion to Vacate Judement [sic] under 28 U.S.C. § 2255 and Set Aside or Correct Sentence" and a motion (in letter form) for appointment of counsel (ECF Nos. 228, 229). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, the undersigned recommends that the § 2255 motion be summarily dismissed, as it is both untimely and without merit. Moreover, putting aside the lack of merit in the § 2255 motion, Jenkins is not entitled to the appointment of post-conviction counsel; therefore, the request for appointment of counsel must also be denied.

## BACKGROUND AND ANALYSIS

In 2012, Jenkins pleaded guilty and was convicted of carjacking in violation of 18 U.S.C. §§ 2119 and 2 ("Count One") and using, carrying, or possessing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 ("Count Two"). The Court sentenced him to 57-months imprisonment as to Count One and 84-months' imprisonment as to Count Two, with the sentences to run consecutively. Jenkins appealed, and his convictions and sentences were affirmed on August 9, 2013 (ECF No. 142).

In April of 2019, the Office of the Federal Public Defender filed a motion pursuant to 28 U.S.C. § 2255 in Jenkins' behalf, requesting that the motion be held in abeyance pending the Supreme Court's decision in *United States v. Davis*[1] (ECF No. 209). On June 24, 2019, the Supreme Court held in *Davis* that the residual clause of 18 U.S.C. § 924(c)(3), which defines the term "crime of violence," is unconstitutionally void for vagueness. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). After *Davis* was decided, Jenkins moved to dismiss his § 2255

---

[1] *United States v. Davis*, 903 F. 3d 483 (5th Cir. 2018), *cert. granted* 139 S. Ct. 782 (U.S. Jan. 4, 2019) (No. 18-431).

Case Nos.: 3:12cr31/MCR/EMT; 3:20cv5430/MCR/EMT

motion without prejudice, conceding that *Davis* afforded him no relief in light of Eleventh Circuit precedent (ECF No. 220 at 2).

Jenkins's instant § 2255 motion, dated April 9, 2020, was docketed by the clerk on April 27, 2020 (ECF No. 228). In this motion Jenkins contends he is entitled to sentencing relief because the imposition of cumulative sentences for his two convictions violated his Due Process rights and subjected him double jeopardy. Jenkins' motion is both untimely and legally without merit.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Jenkins does not rely on the Supreme Court's decision in *Davis* to excuse the facial untimeliness of his motion. Rather, he claims the statute of

limitations must be excused because he is "actually innocent" of the § 924(c) offense of which he was convicted (ECF No. 228 at 5) (this language appears to have been taken from his counseled § 2255 memorandum (ECF No. 209 at 3), but the argument he makes herein is not one of actual or factual innocence).

The basis for Jenkins' claim is that the elements of proof required to establish a violation of § 924(c) are subsumed into the elements of a carjacking offense under § 2119, and therefore, he concludes, he cannot be required to serve separate sentences for each crime. While Jenkins is correct about the elements of proof, an identical challenge to the constitutionality of consecutive sentences under the relevant statutes has been squarely rejected by the Eleventh Circuit.

In *United States v. Moore*, 43 F. 3d 568 (11th Cir. 1994), the defendant claimed, as does Jenkins, that simultaneous prosecutions under the federal armed carjacking statute and the statute prohibiting the use of a firearm in relation to a crime of violence violated double jeopardy.[2] The *Moore* court reviewed the seminal case of *Blockburger v. United States*, 284 U.S. 299 (1932), in which the Supreme Court established the test for determining whether a single act that

---

[2] *Moore* was before the Eleventh Circuit on direct appeal after the district court had granted judgments of acquittal on two § 924(c) convictions on double jeopardy grounds.

Case Nos.: 3:12cr31/MCR/EMT; 3:20cv5430/MCR/EMT

constitutes a violation of two distinct statutory provisions may be subject to cumulative punishments. The *Blockburger* test requires the reviewing court to consider "whether each provision requires proof of an additional fact which the other does not." *Blockburger*, 284 U.S. at 304. "If each offense requires proof of a fact that the other does not, the *Blockburger* test is satisfied despite any overlap in the proof necessary to establish the crimes." *Moore*, 43 F. 3d at 571 (*citing Iannelli v. United States*, 420 U.S. 770, 785 n.17 (1975)).

The Factual Basis for Jenkins' guilty plea enumerated the elements the Government had to prove to secure a conviction of Count One as follows:

> First — That the defendant took or attempted to take a motor vehicle from the person or persons of another;
> Second — That the defendant did so by force and violence, or intimidation;
> Third — That the motor vehicle previously had been transported, shipped or received in interstate or foreign commerce;
> Fourth — That the Defendant intended to cause death or serious bodily harm when the defendant took the motor vehicle.

(ECF No. 52 at 2.) The Factual Basis defined the term "by force and violence" as meaning "the use of actual physical strength or actual physical violence," and the term "by intimidation" as meaning "the commission of some act or the making of some statement that would put a reasonable person of ordinary sensibilities in fear

of bodily harm" (*id.*).  Although neither the Eleventh Circuit Pattern Jury Instructions nor the statute itself mentions a firearm, case law directs that the statute is violated "only when the defendant has a gun."  *Moore*, 43 F. 3d at 571 (quoting *United States v. Singleton*, 16 F. 3d 1419, 1422 (5th Cir. 1994)).

Title 18 U.S.C. § 924(c)(1)(A) proscribes using, carrying, or possessing a firearm during and in relation to any "crime of violence" or drug trafficking crime. Section 924(c) offenses do not stand alone—they require a predicate offense.  In Jenkins' case, the predicate offense was alleged to be the carjacking, a "crime of violence," as defined in 18 U.S.C. § 924(c)(3).  Section 924(c)(3) defines a "crime of violence" is a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the 'elements clause'], or (B) that by its nature, involves a substantial risk that physical force against the person property of another may be used in the course of committing the offense [the 'residual clause']."  *Id*.  As noted above, the *Davis* Court held that the "residual clause" portion of the definition of the term "crime of violence" in § 924(c)(3) was unconstitutionally vague.  Carjacking, however, satisfies the "*elements* clause" of § 924(c)(3).  *See Moore,* 43 F.3d at 572–73; *In re Smith*, 829

F. 3d 1276, 1280 (11th Cir. 2016); *United States v. Aristil*, 787 F. App'x 1023, 1024 (2019), *pet. for cert. filed,* No. 19-6979 (Dec. 16, 2019). Thus, as set forth in the factual basis Jenkins signed prior to his plea, a conviction under § 924(c) requires proof that the defendant committed a "crime of violence," such as carjacking, that the defendant knowingly carried or possessed a firearm, and that the firearm was carried or possessed in furtherance of the crime of violence (*see* ECF No. 52 at 3).

As the court held in *Moore*, "when the prosecution establishes the four elements necessary to establish a violation of § 2119, it necessarily proves all the elements of § 924(c)." *Moore*, 43 F. 3d at 573. Thus, the two statutes "fail" the *Blockburger* test. What is more, the *Blockburger* test does not override congressional intent where Congress clearly indicated its intent to impose cumulative punishments. Section 924(c)(1)(A) provides in relevant part:

> Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, *in addition to the punishment provided for such crime of violence or drug trafficking crime, (i) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .*

18 U.S.C. § 924(c)(1)(A) (emphasis added). Thus, given the clear congressional intent, imposing cumulative punishments for violations of § 2119 and § 924(c) does not violate the Double Jeopardy Clause. *Moore*, 43 F. 3d at 573.

In sum, *Davis*' invalidation of a portion of the definition of the term "crime of violence" has no bearing upon Jenkins' case and it does not "restart the clock" for him to pursue his claim. By the same token, the underlying premise for his motion, that the imposition of two consecutive sentences for the same conduct violates double jeopardy, is foreclosed by circuit precedent. Jenkins' motion is therefore not only untimely but also without merit.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly it is **ORDERED:**

Jenkins's Motion for Appointment of Counsel (ECF No. 229) is **DENIED**.

And, based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The "Motion to Vacate Judement [sic] under 28 U.S.C. § 2255 and Set Aside or Correct Sentence" (ECF No. 228) be summarily **DENIED and DISMISSED** as untimely and without merit.

2. A certificate of appealability be **DENIED**.

Case Nos.: 3:12cr31/MCR/EMT; 3:20cv5430/MCR/EMT

At Pensacola, Florida, this 14th day of May 2020.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**